United States District Court
Southern District of Texas
**ENTERED**
June 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

YULIER FORTEZ LORA,                     §
                                        §
               Petitioner,              §
                                        §
v.                                      §     CIVIL ACTION NO. H-26-2787
                                        §
RAYMOND THOMPSON, et al.,               §
                                        §
               Respondents.             §

### MEMORANDUM OPINION AND ORDER

Yulier Fortez Lora ("Petitioner"), a citizen of Cuba, entered the United States near San Luis, Arizona, on October 25, 2021.[1] Petitioner was not admitted or paroled after inspection by an immigration officer.[2]  On October 28, 2021, Petitioner was served with a Notice to Appear, charging him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3]  On February 3, 2026, Petitioner was taken into Immigration and Customs Enforcement custody.[4]  On April 16, 2026,

---

[1]Response to the Petition for Writ of Habeas Corpus and Motion for Summary ("Respondents' MSJ"), Docket Entry No. 5, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id.

[3]Id.; Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 5-2, p. 4.

[4]Respondents' MSJ, Docket Entry No. 5, p. 2.

an immigration judge denied Petitioner's application for asylum and withholding of removal.[5]  Petitioner has appealed that decision and remains in immigration custody.[6]

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition") (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and due process.[7]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5).  Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[8]  Petitioner has filed a reply.[9]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).  Buenrostro-Mendez v. Bondi, 166

---

[5]Id.

[6]Id. at 2-3.

[7]Habeas Petition, Docket Entry No. 1, pp. 6-7.  Petitioner also alleges that his detention is unnecessary. Id. at 7.  To the extent Petitioner is arguing that his detention without a bond hearing is arbitrary and capricious under the Due Process Clause of the Fifth Amendment this claim will be addressed as part of Petitioner's broader Due Process claim. See Betancourth v. Tate, CIVIL ACTION NO. 4:26-cv-01169, 2026 WL 638482, at *1 n.2 (S.D. Tex. Mar. 6, 2026).  However, to the extent that Petitioner alleges this claim under the Administrative Procedure Act, it is foreclosed as a matter of law. Garcia v. Venegas, CIVIL ACTION NO. 1:26-CV-266, 2026 WL 1580638, at *1 n.3 (S.D. Tex. Jun. 2, 2026).

[8]Respondents' MSJ, Docket Entry No. 5, pp. 1-2.

[9]Reply in Support of the Petition for a Writ of Habeas Corpus, Docket Entry No. 6.

F.4th 494, 498, 502 (5th Cir. 2026).   This mandatory detention does not violate substantive or procedural due process.   As explained in <u>Garcia De La Cruz v. Bondi</u>, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"   <u>Id.</u> at *2 (quoting <u>Demore v. Kim</u>, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in <u>Jacobo-Ventura v. Dickey</u>, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED**, and Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 30th day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-3-